```
                    UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON

RAYMOND MOSS,                      ) Case No.: 2:23-cv-561
          Plaintiff/Petitioner     )
                                   ) COMPLAINT FOR DECLARATORY
     vs.                           ) RELIEF
                                   )
CLARK COUNTY TITLE, CHASE BANK     )
NA, GARY SAUTTER, DEPT OF          )
HOUSING AND URBAN DEVELOPMENT,     )
          Defendant/Respondent     )
_____)
```

Plaintiff Raymond Moss alleges:

**I. PARTIES**

1. Raymond Moss (Moss) is a resident of Clark County, Washington.

2. Defendant Clark County Title (CCT) is a Washington state corporation, with its principal business office located in Clark County, Washington, licensed to provide title insurance in the State of Washington.

3. Defendant Chase Bank is a nationally chartered bank in Ohio and doing business in Washington State.

4. Defendant Gary Sautter is the Acting Director, Asset Recovery Division, Financial Operations Center, United

**WHEAT LEGAL PLLC**
1201 3rd Ave Ste 22-120
Seattle, WA 98101
(206) 262 – 7381
info@wheatlegal.com

States Department of Housing and Urban Development, and is named *ex officio* as an agent of the federal government. (HUD). The Department is a federal agency, and has begun collection efforts against Moss, including now garnishing his wages.

## II. JURISDICTION AND VENUE

5. This is a civil action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

6. This court has jurisdiction and is an appropriate venue because Moss seeks injunctive relief against a federal agent and/or agency who has begun garnishing his wages for a private debt caused by CCT, and which should be for CCT's account.

7. The court has jurisdiction of this matter and this is an appropriate venue because Moss seeks a declaratory judgment of a live controversy about whether he is responsible for a mortgage modification debt that was wrongfully omitted from the botched escrow services when he sold his home.  The title was handled by CCT who have errors and omissions insurance coverage for that incident which occurred in Clark County, Washington. See Rule 57 of the Federal Rules of Civil Procedure which provides, in relevant part: "[The Federal Rules of Civil Procedure] govern the procedure

WHEAT LEGAL PLLC
1201 3rd Ave Ste 22-120
Seattle, WA 98101
(206) 262 – 7381
info@wheatlegal.com

for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57.

### III. REQUEST FOR DECLARATORY RELIEF

8. Moss contracted with CCT to provide escrow services for the 2016 sale of his property 6305 NE 87th Ave., Vancouver, WA 98662 (Property).

9. CCT correctly located and identified both the primary mortgage on the Property, which originated through Chase Bank, as well as the secondary mortgage on the Property, which also originated through Chase Bank but was funded by HUD.

10. However, CCT failed to demand a payoff request from HUD despite its knowledge of the HUD loan.

11. Consequently, and unbeknownst to Moss, the HUD loan was not discharged when the Property was sold.

12. Moss later discovered that the HUD loan was outstanding when he received a collection notice from a HUD authorized collection agent.

13. The Property was now owned by third parties, and he had no security upon which to rely to satisfy the HUD loan.

14. Because of CCT's error, Moss has suffered injuries, including but not limited to interest, penalties, and fees assessed to the HUD loan, injuries to his credit rating, which have negatively impacted his ability to acquire financing, and more.

15. Moss would not have sold the Property had he known that the HUD loan remained unpaid.  He would have been in a different position had he done so.  He would have held onto the Property and sold it when all outstanding loans could have been paid off with the proceeds of the sale.

16. Had CCT correctly performed under the contract, Moss would not be in the position that he is in.

17. Moss reported the issue to CCT, requesting that it defend and indemnify Moss.

18. CCT refused to do so.

19. Moss, through legal counsel, demanded indemnification from CCT.

20. Moss reported the issue to Treasury who is responsible for the HUD program which provided the mortgage modification subordinate mortgage.  They refused to absolve or acquit Moss of the indebtedness.

21. Moss then filed an action in Clark County Superior Court.  In their pleadings CCT raised the affirmative defense that not all parties had been joined.

22. Moss then filed this action and asks the Court to determine whether there was in effect on that date insurance coverage and, thus, that CCT had a duty to indemnify and defend Moss.

23. Moss now faces garnishment of his wages.

24. The Debt Collection Improvement Act of 1996 (DCIA) authorized federal agencies to garnish up to 15 percent of the disposable pay (as defined in 5 CFR Part 550.1103) of delinquent debtors who do not work for the federal government via Administrative Wage Garnishment (AWG).

25. Unlike standard garnishments, AWG is accomplished administratively.  AWG does not require a judgment or court order.  Under AWG, a federal agency directly orders the garnishment of the debtor's wages after sending a warning notice to the debtor.  Due process is provided through administrative hearings rather than through a court.  Some DCIA-authorized debt collection tools are mandatory, but the usage of AWG is discretionary.

26. HUD staff will use the threat of AWG in conjunction with other debt collection tools, when appropriate and practicable, as leverage to obtain voluntary payment from delinquent debtors.

27. HUD wants its money and has begun this process against Moss.

28. Moss also requests an order to enjoin HUD from further garnishment of his wages until this dispute is resolved.

### IV. PRAYER FOR RELIEF

Wherefore, Moss prays for the following relief:

WHEAT LEGAL PLLC
1201 3rd Ave Ste 22-120
Seattle, WA 98101
(206) 262 – 7381
info@wheatlegal.com

1  A. A declaration that the facts set forth above support
2  indemnification by CCT and coverage under any applicable
3  errors and omissions insurance policies;
4  B. For costs of suit incurred and attorneys fees pursuant
5  to agreement with CCT;
6  C. For injunctive relief enjoining the collection of the
7  past due amount from Plaintiff by HUD until the underlying
8  dispute is resolved.
9  D. For such other relief as the Court deems proper.

Dated this APRIL 11, 2023

_____
Jeffery M. Wheat, WSBA No. 54228
WHEAT LEGAL PLLC
1201 3rd Ave, Ste 22-120
Seattle, WA 98101
Phone: 206-262-7381 Cell: 425-200-4586
Email: *info@wheatlegal.com*
Attorney for Plaintiff Raymond Moss